IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRANDON MAY,

    Plaintiff,

vs.                                                                              No. CIV 18-0126 JB/LF

DONA ANA COUNTY JAIL and
CORIZON MEDICAL,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court under 28 U.S.C. § 1915A on the Plaintiff's Complaint (Tort), filed in federal court February 7, 2018 (Doc. 1-2)("Complaint"), which was removed from the Third Judicial District Court, County of Dona Ana, State of New Mexico. See Notice of Removal at 1, filed February 7, 2018 (Doc. 1). Also before the Court are the Plaintiff's Motion To Remand, filed March 8, 2018 (Doc. 6)("Remand Motion") and the Defendant's Motion to Dismiss Plaintiff's Complaint to Recover Damages Due to Personal Injury and Deprivation of Civil Rights Violations of the United States and New Mexico Constitutions, filed February 7, 2018 (Doc. 2)("MTD"). Plaintiff Brandon May is incarcerated and proceeds pro se. For the reasons explained below, the Court will deny May's Remand Motion, deny as moot Defendant Dona Ana County Jail's MTD, dismiss without prejudice May's federal claims under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted, and grant May thirty days in which to file an amended complaint.

## FACTUAL BACKGROUND

On November 14, 2017, May filed a Complaint against Dona Ana Jail and Defendant

Corizon Medical in the Third Judicial District Court. See Complaint ¶ 4, at 2. In his Complaint, May alleges that, after his arrest on or about August 8, 2016, he was sent to the Dona Ana Jail, where he was deprived of adequate medical care. Specifically, May alleges that he was deprived of post-operative care for his hand, including wound cleaning and occupational therapy. As a result, May developed a fungal infection in his hand, a loss of muscle mass, and a loss of flexibility in his wrist. May contends that the alleged deprivation of medical care violated the New Mexico Tort Claims Act, N.M. Stat. Ann. § 41-4-1 ("NMTCA"), as well as May's "Constitutional Rights Amendment 8; cruel and unusual Punishment inflicted. Amendment 5: Deprivation of life, liberty or property without due process, as well as Amendment 14." Complaint ¶ 9, at 4. May seeks monetary damages. See Complaint at 5.

## PROCEDURAL BACKGROUND

On February 7, 2018, Dona Ana Jail removed May's case to the Court on the basis of federal-question jurisdiction. See Notice of Removal at 1. Dona Ana Jail also filed the MTD, asking the Court to dismiss Dona Ana Jail, because, as a subsidiary of the County of Dona Ana, it "cannot be sued pursuant to 42 U.S.C. Section 1983." MTD at 5. In response, May contends that Dona Ana Jail is amenable to suit under the NMTCA. See Plaintiff's Response to Defendant Dona Ana County Jail's Motion to Dismiss at 1-2, filed March 8, 2018 (Doc. 7). Dona Ana Jail replies that "[t]he New Mexico Tort Claims Act is not applicable to this case." Reply in Support of Defendant's Motion to Dismiss at 2-3, filed March 15, 2018 (Doc. 8)("Reply").

On March 8, 2018, May filed the Remand Motion, asking the Court to remand the case to the Third Judicial District Court. See Remand Motion at 1. May contends that the Court lacks subject matter jurisdiction over his claims, because "[t]he cause of action is limited to a New

Mexico state cause of action filed in state court pursuant to the Tort Claims Act" and does not "assert any causes of action under 42 U.S.C. 1983." Remand Motion at 2. Dona Ana Jail responds that May's Complaint alleges the violation of May's "U.S. Constitutional civil right[s] . . . under the 5th, 8th and 14th Amendments," and that 42 U.S.C. § 1983 is the "mechanism to protect civil rights violations under the U.S. Constitution or federal law." Response to Plaintiff's Motion to Remand at 2, filed March 15, 2018 (Doc. 10)("Remand Response"). Dona Ana Jail therefore asks the Court to deny May's Remand Motion. See Remand Response at 3.

## ANALYSIS

The Court will first address the merits of May's Remand Motion, because it challenges the Court's subject-matter jurisdiction. The Court will then proceed to screen the merits of May's Complaint under 28 U.S.C. § 1915A.

### I. THE COURT WILL DENY MAY'S MOTION TO REMAND.

An action initially brought in a state court may be removed to a federal district court pursuant to the authority set forth in 28 U.S.C. § 1441, which provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "The party invoking federal jurisdiction has the burden to establish that it is proper and there is a presumption against its existence." Salzer v. SSM Health Care of Oklahoma, Inc., 762 F.3d 1130, 1134 (10th Cir. 2014)(internal quotation marks and citation omitted). Indeed, a district court must remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

"In general, original jurisdiction is lacking unless there is diversity of citizenship or a federal question is presented on the face of the plaintiff's properly pleaded complaint." Topeka

Hous. Auth. v. Johnson, 404 F.3d 1245, 1247 (10th Cir. 2005)(internal quotation marks and citation omitted). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based on federal law." Schmeling v. NORDAM, 97 F.3d 1336, 1339 (10th Cir. 1996). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. at 392 (footnote omitted).

May is proceeding pro se, and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). This rule "means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. However, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d at 1110. This liberal rule of construction applies to the Court's jurisdictional inquiry under the well-pleaded complaint rule. See Firstenberg v. City of Santa Fe, 696 F.3d 1018, 1025 (10th Cir. 2012).

Although May's Complaint alleges that jurisdiction exists under "the New Mexico Tort Claims Act N.M.S.A. Chapter 41," Complaint ¶ 2, at 1, it also alleges that the Defendants' actions and inactions violate May's rights under the Constitution of the United States of

America, see Complaint ¶ 7, at 3. Specifically, May alleges that the Defendants' conduct violated the "cruel and unusual punishment clause of the Eighth Amendment," to the Constitution of the United States of America, Complaint ¶ 7, at 3, and deprived May of "life, liberty or property without due process" under the Fifth and Fourteenth Amendments, Complaint ¶ 9, at 4. Thus, May's Complaint is drawn "so as to claim a right to recover under the Constitution and laws of the United States." Firstenberg v. City of Santa Fe, 696 F.3d at 1023 (quoting Bell v. Hood, 327 U.S. 678, 681 (1946)). Because May's Complaint states a claim "directly under federal law," Firstenberg v. City of Santa Fe, 696 F.3d at 1026, the Court concludes that a federal question appears on the face of May's well-pleaded Complaint. The Court therefore will deny May's Remand Motion.

**II.  THE COURT WILL DISMISS UNDER 28 U.S.C. § 1915A(B)(1) MAY'S FEDERAL CLAIMS FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED.**

The Court has a statutory obligation under 28 U.S.C. § 1915A to review "as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." 28 U.S.C. § 1915A. On review, the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint," if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). Because May is a prisoner and Dona Ana Jail is a governmental entity, the Court must screen the merits of May's claims under § 1915A.

The Court has the discretion to dismiss a prisoner civil rights complaint sua sponte under 28 U.S.C. § 1915A if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915A(b). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has

alleged and it would be futile to give him an opportunity to amend." Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). The burden is on the plaintiff to frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678. May is proceeding pro se, and therefore his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d at 1110.

> Title 42 of the United States Code, section 1983 provides, in relevant part:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Although municipalities and local governments are "persons" subject to suit under § 1983, Monell v. Dep't of Soc. Serv. of the City of New York, 436 U.S. 658, 690 (1978)("Monell"), "generally, governmental sub-units are not separate suable entities that may be sued under § 1983," Hinton v. Dennis, 362 F. App'x 904, 907 (10th Cir. 2010)(unpublished). Dona Ana Jail is a governmental sub-unit, and, therefore, it is not a person or legally created

entity capable of being sued under § 1983.  See Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985)(holding that "'[t]he City of Denver Police Department' is not a separate suable entity, and the complaint will be dismissed as to it").  Accordingly, the Court will dismiss, under 28 U.S.C. § 1915A(b)(1), May's § 1983 claims against Dona Ana Jail for failure to state a claim on which relief may be granted.

In light of the dismissal of May's § 1983 claims against Dona Ana Jail, the Court will deny the MTD as moot.  Notably, Dona Ana Jail has not moved to dismiss May's NMTCA claims, alleging that "[t]he New Mexico Tort Claims Act is not applicable to this case."  Reply at 3.  The Court disagrees.  May's Complaint plainly states that "[t]his is a tort suit authorized by the New Mexico Tort Claims Act, Chapter 41 N.M.S.A., by a corrections department prisoner who seeks damages" for an alleged lack of medical care in violation of his constitutional rights.  Complaint ¶ 1, at 1.  Based on the Complaint's, allegations, it appears that May was a pretrial detainee at the time of his incarceration.  The NMTCA provides a waiver of sovereign immunity under N.M. Stat. Ann. § 41-4-12 when "the facility in which [correctional officers] work primarily holds inmates awaiting trial rather than convicts."  Salazar v. San Juan County Detention Center, Nos. CIV 15-0417, CIV 15-0439, CIV 15-0497, CIV 15-0526, 2016 WL 5376320, at *12 (D.N.M. September 20, 2016)(Browning, J.).  See Davis v. Bd. of Cty. Com'r of Dona Ana Cty., 1999-NMCA-110, ¶ 35, 987 P.2d 1172, 1183 ("It is settled New Mexico law that directors of a county detention center, in which the inmates are primarily 'accused of a criminal offense' and awaiting trial, fall within the definition of law enforcement officers under the Act.").  On the basis of the foregoing, the Court concludes that May's Complaint states a cognizable claim against Dona Ana Jail under the NMTCA.  See 28 U.S.C. § 1915A(b)(requiring the Court to "identify cognizable claims" on screening).  See also Lessen v. City of Albuquerque,

2008-NMCA-085, ¶ 30, 187 P.3d 179, 185 (holding that "governmental entities must provide appropriate medical care to persons they incarcerate" and "[s]uch governmental entities cannot escape that duty by contracting with third parties to provide the medical care, and a governmental entity remains liable for any constitutional deprivations caused by the policies or customs of the [third party]")(internal quotation marks and citation omitted).

Turning to May's claims against Corizon Medical, the Court notes that a private entity acting under color of state law cannot be held liable under 42 U.S.C. § 1983 solely "because it employs a tortforeasor -- or, in other words . . . cannot be held liable under § 1983 on a *respondeat superior* theory.'" Dubbs v. Head Start, Inc., 336 F.3d 1194, 1216 (10th Cir. 2003) (quoting Monell, 436 U.S. at 691). Rather, to be liable under § 1983, the private entity must have "had an 'official . . . policy of some nature . . . that was the direct cause or moving force behind the constitutional violations." Dubbs v. Head Start, Inc., 336 F.3d at 1215 (internal quotation marks and citations omitted). May's Complaint does not allege that Corizon Medical had an official policy or custom that caused the alleged violation of his constitutional rights, and, therefore, the Court will dismiss May's § 1983 claims against Corizon Medical for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915A(b)(1).

May's Complaint, if construed liberally, also appears to raise a medical negligence claim against Corizon Medical under New Mexico state law. See Complaint ¶ 8, at 3 (alleging that "[a]ll Defendant's are Negligent in there [sic] Actions"). The Court concludes that this claim survives initial screening under 28 U.S.C. § 1915A. See 28 U.S.C. § 1915(b)(1) (requiring the Court to "identify cognizable claims").

The foregoing analysis disposes of all of May's federal claims. Nonetheless, the Court concludes that May might be able to cure the defects in his federal claims under 42 U.S.C.

§ 1983 with more precise pleading, and, therefore, the Court will afford May an opportunity to file an amended complaint. May's amended complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)(emphases in original). This direction is because, "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it, how the defendant's actions harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). An amended complaint, if filed, will supersede the existing complaint and, therefore, it must include *all* of May's claims against *all* of the Defendants in a single pleading.[1] See Gilles v. United States, 906 F.2d 1386, 1389 (10th Cir. 1990)(noting that a "pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified")(internal quotation marks and citation omitted). If May does not file a timely amended complaint, then the Court may remand the case to the Third Judicial District Court without further notice. See 28 U.S.C. § 1367(c)(3) (providing that "district courts may decline to exercise supplemental jurisdiction" over state law claims if "the district court has dismissed all claims over which it has original jurisdiction"). See also Koch v. City of Del City, 660 F.3d 1228, 1248 (10th Cir. 2011)("When all federal claims have been

---

[1] The Court notes that, when May amends his Complaint, the proper party to sue for NMTCA purposes may be the Board of County Commissioners of Dona Ana County and not the Dona Ana County Jail. Under New Mexico law, "in all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be the board of county commissioners of the county." N.M. Stat. Ann. § 4-46-1. See Gallegos v. Bernalillo County Board of County Commissioners, 272 F. Supp. 3d 1256, 1268 (D.N.M. 2017)(Browning, J.)(holding that, because Bernalillo County owns and manages the Bernalillo County Metropolitan Detention Center, the proper entity to sue is the Bernalillo County Board of County Commissioners and not the detention center).

dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.")(internal quotation marks and citation omitted).

**IT IS ORDERED** that: (i) the Plaintiff's Motion To Remand, filed March 8, 2018 (Doc. 6), is denied; (ii) the Defendant's Motion to Dismiss Plaintiff's Complaint to Recover Damages due to Personal Injury and Deprivation of Civil Rights Violations of the United States and New Mexico Constitutions, filed February 7, 2018 (Doc. 2), is denied; (iii) Plaintiff Brandon May's claims under 42 U.S.C. § 1983 are dismissed without prejudice; (iv) May is granted thirty days from the date of entry of this Memorandum Opinion and Order in which to file an amended complaint; and (v) the Clerk of Court is directed to send to May, together with a copy of this order, a form § 1983 complaint, with instructions.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Brandon May
Southern NM Correctional Facility
Las Cruces, New Mexico

    *Plaintiff pro se*

Damian L. Martinez
Holt Mynatt Martinez, P.C.
Las Cruces, New Mexico

    *Attorneys for Defendant Dona Ana County Jail*