IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRANDON MAY,

    Plaintiff,

vs.                                                                                          No. CIV 18-0126 JB\LF

BOARD OF COUNTY COMMISSIONERS OF
DONA ANA COUNTY, CORIZON MEDICAL,
JAIL DOCTOR (REAL NAME UNKNOWN),
JAIL NURSES (REAL NAME UNKNOWN),

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant Board of County Commissioners of Doña Ana County's Motion to Dismiss Plaintiff's Complaint for Violations of Civil Rights (Doc. 13) [sic], filed November 20, 2018 (Doc. 15)("Motion"). The primary issues are: (i) whether the Plaintiff Brandon May has stated a claim under 42 U.S.C. § 1983; and (ii) whether May has established a waiver of immunity for his state law claims. The Court concludes that: (i) May has not stated a claim under 42 U.S.C. § 1983; and (ii) May has not established a waiver of immunity for his state law claims. Accordingly, Court grants the Board of Commissioners of Doña Ana County's ("County Defendant") Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

May filed his Complaint (Tort) in the Third Judicial District Court, County of Doña Ana, State of New Mexico, on November 14, 2017 (Doc. 1-2)("Complaint"). "Dona Ana County Jail" [sic] removed this case to the court on February 7, 2018. See Notice of Removal at 1 (Doc. 1). The Dona Ana County Jail removed the case on the grounds that it involves alleged violations of

the Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States of America. See Notice of Removal ¶ 2, at 1.

In his Complaint, May alleges that unnamed prison officials showed deliberate indifference to his treatment and therapy needs following hand surgery, or, in the alternative, were negligent in his medical care and treatment. See Complaint ¶¶ 5-9, at 2-4. May alleges that the prison officials' actions or inactions violated his "Constitutional Rights, Amendment 8: cruel and unusual punishment inflicted, Amendment 5: Deprivation of life, liberty, or property without due process, as well as Amendment 14." Complaint ¶ 9, at 4. May contends that "the impact from this physical torture has drove Plaintiff insane." Complaint ¶ 9, at 4. May seeks relief in the form of damages: "Punitive Damages $2.5 million dollars, Monetary $100,000[;] Mental Anguish $50,000[;] Exemplary Damage[s] $200,000[;] Compensation $5,000[;] Compensatory Damages $100,000[;] Anxiety $10,000[; . . .] Annoyance $10,000[;] (IIED) Intentional Infliction of Emotional Distress $100,000[;] Negligent Actions $100,000[; and] Deliberate Indifference $5,000." Complaint at 5.

The Court conducted preliminary screening of the Complaint as 28 U.S.C. § 1915A requires, and entered its Memorandum Opinion and Order on August 23, 2018. (Doc. 12)("MOO"). In the MOO, the Court denied May's Motion to Remand, dismissed all of May's federal claims under 42 U.S.C. § 1983, and granted May leave to file an amended Complaint within thirty days of the MOO's entry. See MOO at 1. The Court specifically ruled that "Dona Ana County Jail" is not a suable entity and noted that the proper party would likely be the Board of County Commissioners of Doña Ana County. See MOO at 6-7.

May then filed the Plaintiff's Response to the Courts [sic] Memorandum Opinion and Order on September 24, 2018 (Doc. 13)("Response"). Attached to the Response was an amended Complaint for Violation of Civil Rights ("Amended Complaint"). The Amended Complaint

names, as Defendants, the Board of County Commissioners of Doña Ana County, Corizon Medical, Jail Doctor, and Jail Nurses. See Amended Complaint at 2. The Amended Complaint alleges "denial of necessary and adequate medical care that caused severe pain infection of the plaintiff's hand and in the surgical wound and sever [sic] muscle atrophy in plaintiff's hand, wrist and arm." Amended Complaint at 7. May seeks "judgment in favor of the Plaintiff for actual and punitive damages in an amount to be determined by the jury at trial." Amended Complaint at 5.

Doña Ana County filed its Motion to Dismiss. Doña Ana County seeks dismissal of the claims against it in the Amended Complaint under rule 12(b)(6) on the grounds that the allegations do not state a claim for relief under 42 U.S.C. § 1983, the New Mexico Constitution, or under the New Mexico Tort Claims Act ("NMTCA"). See Motion at 4, 7. With respect to Plaintiff's federal claim, Doña Ana County argues that: (i) the Amended Complaint's allegations do not contain sufficient facts to state a plausible claim for relief; (ii) May fails to assert any Doña Ana County policy or custom leading to a violation of constitutionally protected rights; and (iii) May does not identify discrete, distinct actions that Doña Ana County did sufficient to state a § 1983 claim. See Motion at 7. Doña Ana County also contends that there is no waiver of immunity under the NMTCA for the state law claims asserted by Plaintiff, and that the allegations fail to state a plausible claim for relief under the NMTCA or under the New Mexico Constitution. See Motion at 9. Specifically, Doña Ana County notes that May claims relief under N.M. Stat. Ann. § 41-4-1, but the New Mexico Tort Claims Act's waivers are only in §§ 41-4-5 through 41-4-12. See Motion at 8. Doña Ana County notes that the only immunity waiver for constitutional violations is found in § 41-4-12, but contends that this waiver applies only to law enforcement officers' constitutional violations. See Motion at 8 (citing Anchondo v. Corr. Dep't, 1983-NMSC-051, ¶ 2, 100 N.M. 108, 108, 666 P.2d 1255, 1255). Doña Ana County asserts that it is not a law

names, as Defendants, the Board of County Commissioners of Doña Ana County, Corizon Medical, Jail Doctor, and Jail Nurses. See Amended Complaint at 2. The Amended Complaint alleges "denial of necessary and adequate medical care that caused severe pain infection of the plaintiff's hand and in the surgical wound and sever [sic] muscle atrophy in plaintiff's hand, wrist and arm." Amended Complaint at 7. May seeks "judgment in favor of the Plaintiff for actual and punitive damages in an amount to be determined by the jury at trial." Amended Complaint at 5.

Doña Ana County filed its Motion to Dismiss. Doña Ana County seeks dismissal of the claims against it in the Amended Complaint under rule 12(b)(6) on the grounds that the allegations do not state a claim for relief under 42 U.S.C. § 1983, the New Mexico Constitution, or under the New Mexico Tort Claims Act ("NMTCA"). See Motion at 4, 7. With respect to Plaintiff's federal claim, Doña Ana County argues that: (i) the Amended Complaint's allegations do not contain sufficient facts to state a plausible claim for relief; (ii) May fails to assert any Doña Ana County policy or custom leading to a violation of constitutionally protected rights; and (iii) May does not identify discrete, distinct actions that Doña Ana County did sufficient to state a § 1983 claim. See Motion at 7. Doña Ana County also contends that there is no waiver of immunity under the NMTCA for the state law claims asserted by Plaintiff, and that the allegations fail to state a plausible claim for relief under the NMTCA or under the New Mexico Constitution. See Motion at 9. Specifically, Doña Ana County notes that May claims relief under N.M. Stat. Ann. § 41-4-1, but the New Mexico Tort Claims Act's waivers are only in §§ 41-4-5 through 41-4-12. See Motion at 8. Doña Ana County notes that the only immunity waiver for constitutional violations is found in § 41-4-12, but contends that this waiver applies only to law enforcement officers' constitutional violations. See Motion at 8 (citing Anchondo v. Corr. Dep't, 1983-NMSC-051, ¶ 2, 100 N.M. 108, 108, 666 P.2d 1255, 1255). Doña Ana County asserts that it is not a law

names, as Defendants, the Board of County Commissioners of Doña Ana County, Corizon Medical, Jail Doctor, and Jail Nurses. See Amended Complaint at 2. The Amended Complaint alleges "denial of necessary and adequate medical care that caused severe pain infection of the plaintiff's hand and in the surgical wound and sever [sic] muscle atrophy in plaintiff's hand, wrist and arm." Amended Complaint at 7. May seeks "judgment in favor of the Plaintiff for actual and punitive damages in an amount to be determined by the jury at trial." Amended Complaint at 5.

Doña Ana County filed its Motion to Dismiss. Doña Ana County seeks dismissal of the claims against it in the Amended Complaint under rule 12(b)(6) on the grounds that the allegations do not state a claim for relief under 42 U.S.C. § 1983, the New Mexico Constitution, or under the New Mexico Tort Claims Act ("NMTCA"). See Motion at 4, 7. With respect to Plaintiff's federal claim, Doña Ana County argues that: (i) the Amended Complaint's allegations do not contain sufficient facts to state a plausible claim for relief; (ii) May fails to assert any Doña Ana County policy or custom leading to a violation of constitutionally protected rights; and (iii) May does not identify discrete, distinct actions that Doña Ana County did sufficient to state a § 1983 claim. See Motion at 7. Doña Ana County also contends that there is no waiver of immunity under the NMTCA for the state law claims asserted by Plaintiff, and that the allegations fail to state a plausible claim for relief under the NMTCA or under the New Mexico Constitution. See Motion at 9. Specifically, Doña Ana County notes that May claims relief under N.M. Stat. Ann. § 41-4-1, but the New Mexico Tort Claims Act's waivers are only in §§ 41-4-5 through 41-4-12. See Motion at 8. Doña Ana County notes that the only immunity waiver for constitutional violations is found in § 41-4-12, but contends that this waiver applies only to law enforcement officers' constitutional violations. See Motion at 8 (citing Anchondo v. Corr. Dep't, 1983-NMSC-051, ¶ 2, 100 N.M. 108, 108, 666 P.2d 1255, 1255). Doña Ana County asserts that it is not a law

enforcement officer under the statute, and so immunity has not been waived for May's claim against it. See Motion at 9.

May filed his Response to Defendant Board of County Comm of Dona Ana County's Motion to Dismiss on December 20, 2018 (Doc. 16)("Response"). In his Response, May argues that federal pleading standards do not bind him, that the "essence of Defendants [sic] Motion is that the Plaintiff did not repeat this Defendants name enough," that the specifics of May's claims will be provided through discovery, and that May has proved a waiver of Doña Ana County's immunity. See Response at 1-3.

Doña Ana County filed its Reply in Support of the Motion to Dismiss on January 3, 2019 (Doc. 17)("Reply"). Doña Ana County argues that the Response "can be synthesized into one overreaching [sic] theme," that May must follow the same pleading standards as any litigant and that the Amended Complaint does not state any plausible claim for relief against Doña Ana County. Reply at 1.

**LAW REGARDING FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED**

The Court has the discretion to dismiss a pro se complaint for failure to state a claim upon which relief may be granted under rule 12(b)(6) of the Federal Rules of Civil Procedure. Under rule 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)("Twombly"); Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Serv., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is

plausible on its face." Twombly, 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. See Twombly, 550 U.S. at 570.

May is proceeding pro se, and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). This rule means that "if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, . . . or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. The liberal rule of construction, however, "does not relieve plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d at 1110. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Hall v. Bellmon, 935 F.2d at 1110.

## LAW REGARDING CIVIL RIGHTS CLAIMS UNDER 42 U.S.C. § 1983

§ 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution. See Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Albright v. Oliver, 510 U.S. 266, 271 (1994)(§ 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); Bolden v. City of Topeka, 441 F.3d 1129 (10th Cir. 2006). § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . .

42 U.S.C. § 1983.  § 1983 is thus a "remedial vehicle for raising claims based on the violation of constitutional rights." Brown v. Buhman, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016)(quotation marks omitted).

To state a claim for relief under § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. See 42 U.S.C. § 1983. See also West v. Atkins, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under § 1983. See Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior or vicarious liability for the actions of co-workers or subordinates. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978). That is, a government entity cannot be held liable for the acts of its employees and agents under § 1983; the government entity may only be held liable for its own constitutional torts. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. at 691.  Instead, a plaintiff must plead that each government official, through the official's own actions, violated the plaintiff's constitutional rights. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  A plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983.  See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008).  In a § 1983 action, accordingly, it is particularly important that a plaintiff's complaint "make clear exactly *who is alleged to have done what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).  Nor do generalized statements that defendants caused the deprivation

of a constitutional right, without plausible supporting factual allegations, state any claim for relief. See Robbins v. Oklahoma, 519 F.3d at 1249-50.

## LAW REGARDING COUNTY LIABILITY UNDER § 1983

It is well established that a county may be liable on a § 1983 claim only when a plaintiff is deprived of his constitutional rights pursuant to a policy or custom of the county. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. at 694. A county cannot "be held liable *solely* because it employs a tortfeasor—or, in other words, [it] cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. at 691. A plaintiff claiming violation of constitutional rights by a county must demonstrate (1) the existence of a policy or custom by which he was denied a constitutional right and (2) that the policy or custom was the moving force behind the constitutional deprivation -- that "there is a direct causal link between the policy or custom and the injury alleged." Bryson v. City of Okla. City, 627 F.3d 784, 788 (10th Cir. 2010).

> A municipal policy or custom may take the form of:
>
> (1) "a formal regulation or policy statement"; (2) an informal custom "amoun[ting] to 'a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law'"; (3) "the decisions of employees with final policymaking authority"; (4) "the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval"; or (5) the "failure to adequately train or supervise employees, so long as that failure results from 'deliberate indifference' to the injuries that may be caused." (citations omitted).

Bryson v. City of Okla. City, 627 F.3d at 788. Under this standard, a county acts with indifference if its conduct or policy disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights. See Berry v. City of Muskogee, 900 F.2d 1489, 1496 (10th Cir.1990). Such disregard requires a higher degree of fault than negligence. Berry v. City

of Muskogee, 900 F.2d at 1495 (citing City of Canton v. Harris, 489 U.S. 378, 388 n.7 (1989)). In the context of inmates, the "mere fact that an assault occurs . . . does not establish the requisite indifference to a prisoner's constitutional rights." Hovater v. Robinson, 1 F.3d 1063, 1066 (10th Cir. 1993)(quoting Zatler v. Wainwright, 802 F.2d 397, 403 (11th Cir. 1986)). Actual knowledge of an excessive risk, however, is not required. Constructive knowledge is permissible, and it requires a showing that "the underlying unconstitutional misconduct was 'so widespread or flagrant that in the proper exercise of its official responsibilities the governing body should have known of [it].'" Jojola v. Chavez, 55 F.3d 488, 491 (10th Cir. 1995)(quoting Thelma D. By & Through Delores A. v. Bd. of Educ. of City of St. Louis, 934 F.2d 929, 933 (8th Cir. 1991)).

## LAW REGARDING THE NEW MEXICO TORT CLAIMS ACT

The New Mexico Tort Claims Act is the exclusive remedy for torts committed by any governmental entity or public employee. See N.M. Stat. Ann. § 41-4-17. A plaintiff may not, however, sue a governmental entity, or its employees or agents, unless the plaintiff's cause of action fits within one of the immunity waivers enumerated in the statute. See N.M. Stat. Ann. § 41-4-17. Nor may a plaintiff sue a governmental entity or its employees for damages arising out of violations of rights under the New Mexico Constitution unless the New Mexico Tort Claims Act contains a waiver of immunity. See, e.g., Barreras v. N.M. Corr. Dep't, 2003-NMCA-027, ¶ 24, 133 N.M. 313, 319, 62 P.3d 770, 776 ("In the absence of affirmative legislation, the courts of this state have consistently declined to permit individuals to bring private lawsuits to enforce rights guaranteed by the New Mexico Constitution, based on the absence of an express waiver of immunity under the Tort Claims Act"); Chavez v. City of Albuquerque, 1998-NMCA-004, ¶ 11, 124 N.M. 479, 482, 952 P.2d 474, 477 (noting that a plaintiff cannot seek damages for violations of rights under the New Mexico Constitution against a city or its employees or agents unless the

New Mexico Tort Claims Act waives immunity); Rubio v. Carlsbad Mun. Sch. Dist., 1987-NMCA-127 ¶ 14, N.M. 446, 449, 744 P.2d 919, 922 (holding that no waiver of immunity exists for damages arising out of alleged educational malpractice claim against a school board). Thus, a plaintiff's claim must be dismissed if it does not fall under a waiver enumerated in the New Mexico Tort Claims Act. See Kreutzer v. Aldo Leopold High Sch., 2018-NMCA-005, ¶ 65, 409 P.3d 930, 945.

1. **§ 41-4-9**

§ 41-4-9 waives immunity for "liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation of any hospital, infirmary, mental institution, clinic, dispensary, medical care home or like facilities." N.M. Stat. Ann. § 41-4-9. "§ 41-4-9 applies to the operation of facilities which provide medical care directly to people." Redding v. City of Truth or Consequences, 1984-NMCA-132, ¶ 8, 693 P.2d 594, 596. New Mexico courts have generally denied the application of § 41-4-9 and found immunity for the state government entity and employees when medical contractors operate the medical unit in question. See Lee v. McKinley Cty. Adult Det. Ctr., No. CIV 12-1124 MCA/LAM, 2014 WL 12788056, at *10 (D.N.M. Sept. 9, 2014)(Armijo, C.J.); Celaya v. Hall, 2004-NMSC-005, 85 P.3d 239 (recognizing that a governmental entity could not be held liable under the NMTCA for the alleged acts of an independent contractor); Lessen v. City of Albuquerque, 2008-NMCA-085, ¶ 31, 187 P.3d at 185 (holding that § 41-4-9 did not waive sovereign immunity for the City of Albuquerque, because a medical contractor operates the medical unit at the Bernalillo County Metropolitan Detention Center)) See also Kellum v. Bernalillo Cty., No. 1:14-cv-00163 RB/CG, 2015 WL 12859577, at *10 (D.N.M. June 9, 2015)(Brack, J.)(holding that § 41-4-9 was inapplicable to Bernalillo County

because an independent contractor operates the medical unit at the Metropolitan Detention Center). The Court of Appeals of New Mexico has also held, in the context of prison medical units, that "liability against a jail cannot be based on § 41-4-9 when the jail has contracted with a private entity to provide medical services." Salazar v. San Juan Cty. Det. Ctr., 2016 WL 335447, at *49 (citing Lessen v. City of Albuquerque, 2008-NMCA-085, ¶¶ 28-30, 187 P.3d at 320). That a contractor operates a medical facility, however, is not necessarily dispositive of the immunity waiver issue as to all non-contractor entities and personnel who might be involved in the operation of that medical facility. See, e.g., Silva v. State, 1987-NMSC-107, ¶ 9, 745 P.2d at 385 (concluding that § 41-4-9's waiver is arguably applicable to the Secretary of Corrections, if the factfinder determines the Secretary failed to exercise ordinary care in the discharge of duties found to include the operation or maintenance of healthcare facilities inside the prison). For a non-contractor person or entity to be liable, the claims against them must relate to the actual medical care -- and specifically, to the clinical decision-making or supervision of clinical decision-making -- at the medical unit in question. See Armijo v. Dep't of Health & Env't, 1989-NMCA-043, ¶ 13, 775 P.2d at 1335 (determining that § 41-4-9 could not apply for the plaintiff's negligence claims against the Health and Environment Department because that department did not regulate the clinical decision-making at the mental health facility, and therefore did not operate the facility within § 41-4-9's meaning); Reese v. Bd. of Cty. Comm'rs of the Cty. of Bernalillo, CIV No. 10-1247 LH/RHS, 2012 WL 13076227, at *7 (D.N.M. Sept. 18, 2012)(Hansen, J.)("Plaintiff's allegations against Defendant Torres and Defendant County relate to their management of the grievance system rather than the actual medical treatment received by inmates at the infirmary. As such, § 41-4-9 does not operate to waive immunity . . . "); Gallegos v. Trujillo, 1992-NMCA-090, ¶ 18, 839 P.2d 645, 649 ("In Armijo[ v. Dep't. of Health and Env't, 1989-NMCA-043, 775 P.2d 1333]

we held that an agency's regulation of a mental health facility was not "operation" of the mental health facility where the agency was not involved in the actual clinical decision-making . . . ").

## ANALYSIS

May has not stated a claim under 42 U.S.C. § 1983. May also has not established a waiver of immunity for his state law claims. Accordingly, the Court grants the Motion.

### I.  MAY HAS NOT STATED A CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983.

Doña Ana County seeks dismissal of May's federal civil rights claims on the grounds that the Amended Complaint fails to state a claim for relief under 42 U.S.C. § 1983. See Reply at 1. Doña Ana County argues that the claims must be dismissed, because May fails to identify and specific Doña Ana County official's actions and fails to assert that any policy, training, or custom led to a violation of constitutionally protect rights. See Motion at 6. May counters that, because he is a prisoner without meaningful access to law libraries, he should not be held to the same pleading standards as other litigants. See Response at 1-2. May also asserts that discovery will reveal specific details as to individual actions and Doña Ana County policies. See Response at 2.

Although May names "Jail Doctor" and "Jail Nurses" as Defendants, the allegations appear to refer to Corizon Medical's employees, and not to Doña Ana County prison officials. Amended Complaint at 2-4. Nowhere in the Amended Complaint does May identify any individual County official or set out any allegations of any Doña Ana County official's specific conduct. Accordingly, the Amended Complaint does not state any § 1983 claim for relief against a County official. See Fogarty v. Gallegos, 523 F.3d at 1162. Moreover, even if the Amended Complaint identified Doña Ana County officials' individual actions, May asserts claims against Doña Ana County, which cannot be held vicariously liable under §1983. See Ashcroft v. Iqbal, 556 U.S. at 676.

Doña Ana County may be held liable based only on violation of a constitutionally protected right stemming from Doña Ana County's policy, training, or custom. See Monell v. Dep't. of Soc. Servs., 436 U.S. at 694. May does not point to any Doña Ana County policy, training, or custom which caused his injury. Accordingly, the Amended Complaint does not state any claim for § 1983 relief against Doña Ana County, and all claims against Doña Ana County should be dismissed. See Bryson v. City of Okla. City, 627 F.3d at 788; Jojola v. Chavez, 55 F.3d 488, 491.

## II. MAY HAS NOT ESTABLISHED A WAIVER OF IMMUNITY FOR HIS STATE LAW CLAIMS.

Doña Ana County also seeks dismissal of May's claims under the New Mexico Constitution and under the NMTCA on the grounds that there is no waiver of liability, and the Amended Complaint's allegations do not state a plausible claim for relief under the NMTCA. See Motion at 7-9. In response, May argues that he has stated a claim for relief against Doña Ana County and that N.M. Stat. Ann. §§ 41-4-9, 41-4-10, or 41-4-12 waive immunity for his claims against Doña Ana County. See Response at 3.

Doña Ana County is not a health care provider, and May has alleged no negligence with regards to Doña Ana County's provision of health care, and so §§ 41-4-9 and 41-4-10 are inapplicable. See Lessen v. City of Albuquerque, 2008-NMCA-085, ¶ 31, 320, 187 P.3d 179, 185 (finding no waiver of a city's immunity for a contractor's potential negligent conduct in the operation of a jail). Nor is Doña Ana County a law enforcement officer, which renders § 41-4-12 inapplicable. See Anchondo v. Corr. Dep't, 1983-NMSC-051, ¶ 11, 110, 666 P.2d 1255, 1257 (defining "law enforcement officer" for NMTCA purposes). The Amended Complaint thus does not allege a cause of action within the NMTCA immunity waivers. See Chavez v. City of Albuquerque, 952 P.2d at 477.

Nor does May's allegation that his rights were violated under "NM Const Art II § 13 cruel & unusual punishments," Amended Complaint at 4, state any claim for relief. May cannot maintain an action for damages for violations of his rights that the New Mexico Constitution guarantees absent an express NMTCA waiver of immunity. See Barreras v. N.M. Corr. Dep't, 62 P.3d at 776. "Although the legislature cannot eliminate or limit a constitutional right, it need not provide a damage remedy for a violation of that right." Ford v. New Mexico Dep't of Pub. Safety, 1994-NMCA-154, ¶ 26, 412, 891 P.2d 546, 553. "[A]bsent a waiver of immunity under the Tort Claims Act, a person may not sue the state for damages for violation of a state constitutional right." Ford v. New Mexico Dep't of Pub. Safety, 1994-NMCA-154, ¶ 26, 891 P.2d at 553. Because there is no waiver of immunity for any New Mexico constitutional claims in this case, the Amended Complaint does not state a claim for relief under the New Mexico Constitution. See Chavez v. City of Albuquerque, 952 P.2d at 477.

**IT IS ORDERED** that: (i) Defendant Board of County Commissioners of Doña Ana County's Motion to Dismiss Plaintiff's Complaint for Violation of Civil Rights, filed November 20, 2018 (Doc. 15), is granted; and (ii) all claims and causes of action against Defendant Board of County Commissioners of Doña Ana County are dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Brandon May
Southern New Mexico Correctional Facility
Las Cruces, New Mexico

    *Plaintiff pro se*

Damian Martinez
Holt Mynatt Martinez P.C.
Las Cruces, New Mexico

*Attorneys for Defendant Board of County Commissioners of Doña Ana County*