### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

BRANDON MAY,

     Plaintiff,

v.                                                        No. 18-cv-0126 KWR-LF

CORIZON MEDICAL, *et al*,

     Defendants.

### ORDER OF DISMISSAL

This matter is before the Court following Plaintiff's failure to prosecute his prisoner civil rights action.   Defendant Dona Ana County removed this action to Federal Court on February 7, 2018.  (Doc. 1).   The Complaint alleged that prison officials were deliberately indifferent to Plaintiff's medical needs following a hand surgery.   (Doc. 1-1).   The Court (Hon. James Browning) issued two screening decisions in this case, and Plaintiff filed various *pro se* responses that amended or supplemented his claims.   In the first screening opinion, the Court determined Plaintiff failed to state a federal claim, but noted he may have a colorable negligence claim under the New Mexico Tort Claims Act.  (Doc. 12).   Plaintiff amended the Complaint, but he again failed to identify any "John/Jane Doe" medical providers or include allegations to support his state law tort claims.  (Doc. 13).   On September 27, 2019, the Court issued a second opinion, which only evaluated the claims as to Defendant Board of Dona Ana County Commissioners.   (Doc. 19).

Based on this procedural posture, it is difficult to discern which claims and allegations remain pending.   To ensure proper review of each claim, the Court directed Plaintiff to file a single, amended complaint that raises all claims and names all wrongdoers.  (Doc. 21).   The Order again explained that the Court cannot adjudicate Plaintiff's medical indifference claims until

he names the individual wrongdoers.   Plaintiff was warned that if failed to timely file an amended complaint, the Court will dismiss the case without further notice.   The deadline to amend was May 22, 2020.   Plaintiff did not comply or otherwise respond to the Order.   Accordingly, the Court will dismiss this action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).   *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) ("Rule 41(b) … has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the … court's orders.").

**IT IS ORDERED** that Plaintiff's Prisoner Civil Rights Action (**Docs. 1-1, 13**) is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE